IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 15-36 Erie |
| | ) | |
| ELIZABETH McMAHAN | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO PRODUCE EVIDENCE THE GOVERNMENT
INTENDS TO USE UNDER FEDERAL RULE OF EVIDENCE 404(b)**

McMahan seeks to have the Court require the government to give advance notice of its intention to use any evidence pursuant to Rule 404(b) of the Federal Rules of Evidence. The advance, premature notice sought by McMahan is not required, especially because no trial date has been set.

Rule 404(b) of the Federal Rules of Evidence provides that the government must provide "reasonable notice" "before trial—or during trial if the court, for good cause, excuses lack of pretrial notice" of its intention to offer evidence of other crimes, wrongs or acts. Fed.R.Evid. 404(b)(2)(A)-(B). The rule does not establish a minimum time before trial, because "the evidence the government wishes to offer may well change as the proof and possible defenses crystallize." *United States v. Fennell*, 496 F.Supp.2d 279, 284 (S.D.N.Y. 2007) (quoting *United States v. Matos-Peralta*, 691 F.Supp. 780, 791 (S.D.N.Y. 1988)). Rather, "reasonable notice" is determined by the circumstances and complexity of the prosecution. *United States v. Kerr*, 2012 WL 3929380 *4 (W.D. PA 2012). Reasonable notice has been defined as: (1) one week prior to trial, *United States v. Patel*, 2002 WL 1750948 (N.D. IL 2002); (2) ten days in advance of trial, *United States v. Vega*, 309 F.Supp.2d 609, 617 (S.D.N.Y. 2004); *United States v. Williams*, 792 F.Supp. 1120 (S.D. IN 1992); and (3) two weeks prior to trial, *United States v. Garrett*, 2002 WL

1968391 (N.D. IL); *United States v. Thomas*, 1996 WL 210076 (N.D. IL).

A trial date has not even been set in this case and the government has not determined whether it will seek to introduce evidence pursuant to Rule 404(b). Nevertheless, the government is aware of its obligations under Rule 404(b) to provide pretrial notice of its intention to introduce evidence of crimes, wrongs, or other acts. In compliance with this Court's usual practice, however, the government will of course provide its Rule 404(b) notice, should the government intend to introduce such evidence, in accordance with this Court's pre-trial scheduling order.

Wherefore, McMahan's premature motion for disclosure of Rule 404(b) evidence should be denied.

Respectfully submitted,

SOO C. SONG
Acting United States Attorney

s/ Christian A. Trabold
CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013