

U.S. Department of Justice

*United States Attorney*
*Western District of Pennsylvania*

---

*Federal Courthouse*
*17 South Park Row*
*Room A330*
*Erie, Pennsylvania 16501*                                  *814/452-2906*

December 7, 2018

Thomas Livingston
Assistant Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, Pennsylvania 15222

**GOVERNMENT EXHIBIT 1**

Re:   United States of America v.
       ELIZABETH McMAHAN
       Criminal No. 15-36 Erie

Dear Mr. Livingston:

This letter sets forth the agreement by which your client, ELIZABETH McMAHAN, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between ELIZABETH McMAHAN and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, ELIZABETH McMAHAN will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

      A.      The defendant, ELIZABETH McMAHAN, agrees to the following:

           1.      She will enter a plea of guilty to Count Twenty Five (25) of the Indictment at Criminal No. 15-36 Erie, charging her with violating 18 U.S.C. § 1343, pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

LIMITED OFFICIAL USE

December 7, 2018
Page 2

2. She acknowledges her responsibility for the conduct charged in Counts One through Twenty-Four of the indictment at Criminal No. 15-36 Erie and stipulates that the conduct charged in those Counts may be considered by the Probation Office or by the Court in calculating the guideline range and in imposing sentence.

3. She will pay mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A and 3664, to the victims and/or other persons or parties authorized by law in such amounts, at such times, and according to such terms as the Court shall direct.

4. She will immediately notify the Court and the United States Attorney of any improvement in her economic circumstances that might increase her ability to pay restitution and that occurs from the date of this agreement until the completion of her sentence, including any term of supervised release.

5. She will voluntarily forfeit to the United States all property subject to forfeiture under 18 U.S.C. § 981(a)(1)(C), including but not limited to the following: 2010 Dodge Caravan SXT, VIN 2D4RN5D14AR138708.

6. She acknowledges that the above-described property constitutes proceeds of the offense of wire fraud.

7. She acknowledges that the above-described property is presently the subject of a criminal forfeiture action at the above-captioned criminal case number and she herewith voluntarily consents to the Court entering an order of forfeiture of said property to the United States.

8. If the Court imposes a fine or restitution as part of a sentence of incarceration, ELIZABETH McMAHAN agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of her prison salary will be applied to pay the fine or restitution.

9. At the time ELIZABETH McMAHAN enters her plea of guilty, she will deposit a special assessment of $100 in the form of cash, or check or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

10. ELIZABETH McMAHAN waives the right to take a direct appeal from her conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

December 7, 2018
Page 3

      (a)    If the United States appeals from the sentence, ELIZABETH McMAHAN may take a direct appeal from the sentence.

      (b)    If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, ELIZABETH McMAHAN may take a direct appeal from the sentence.

Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking her conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence.

Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

    B.    In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

      1.    After the imposition of sentence, the United States Attorney will move to dismiss the remaining counts of the Indictment at Criminal No. 15-36 Erie, without prejudice to their reinstatement if, at any time, ELIZABETH McMAHAN is permitted to withdraw her plea of guilty. In that event, ELIZABETH McMAHAN waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of the counts dismissed pursuant to this agreement.

      2.    The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of ELIZABETH McMAHAN in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

      3.    The United States agrees to recommend a two level downward adjustment for acceptance of responsibility. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

December 7, 2018
Page 4

      4.    The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C.    ELIZABETH McMAHAN and the United States Attorney further understand and agree to the following:

    1.    The penalty that may be imposed upon ELIZABETH McMAHAN is:

        (a)    A term of imprisonment of not more than twenty (20) years;

        (b)    A fine of $250,000;

        (c)    A term of supervised release of five (5) years;

        (d)    A special assessment under 18 U.S.C. § 3013 of $100;

        (e)    Mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A and 3664.

    2.    The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

    3.    Because the offense of conviction was part of a scheme of criminal activity, restitution is not limited to the offense of conviction. The Court may order that restitution be paid to any victim, person, or party directly harmed by ELIZABETH McMAHAN's criminal conduct in the course of the scheme.

    4.    This agreement does not preclude the government from pursuing any civil or administrative remedies against ELIZABETH McMAHAN or her property.

    5.    The parties agree that, although charges are to be dismissed pursuant to this agreement, ELIZABETH McMAHAN is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, § 617 (Nov. 26, 1997) (known as the Hyde Amendment). ELIZABETH McMAHAN waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

This letter sets forth the full and complete terms and conditions of the agreement between ELIZABETH McMAHAN and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

December 7, 2018
Page 5

Very truly yours,

*[signature]*

SCOTT W. BRADY
United States Attorney

I have received this letter from my attorney, Thomas Livingston, Assistant Federal Public Defender, have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

*[signature]*
ELIZABETH MCMAHAN

January 28 2019
Date

Witnessed by:

*[signature]*
THOMAS LIVINGSTON
ASSISTANT FEDERAL PUBLIC DEFENDER
Counsel for ELIZABETH McMAHAN