```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
                            )
          V.                )    Criminal No. 15-36E
                            )
ELIZABETH MCMAHAN           )
```

**DEFENDANT'S MOTION FOR DOWNWARD VARIANCE**

AND NOW, comes the defendant, Elizabeth McMahan, by her attorney, and with respect to the above captioned matter, she represents the following:

**A.**

1. The advisory guideline range in this case is informed, in part, by the §2B1.1(b)(1) enhancement for "loss".

2. That enhancement is, in turn, informed by the parties having recently come to an agreement regarding a Joint Stipulation involving "loss" and restitution.

3. In the negotiations and consultation that concluded with that Stipulation, Elizabeth McMahan and the United States - through respective counsel - reviewed the Indictment and voluminous Rule 16 discovery materials.

4. In light of the governing legal standards for the Court to apply in determining "loss" under §2B1.1, and restitution under 18 U.S.C. §§3663, 3663A and 3664, the parties realized keenly - in these recent negotiations - that a Joint Stipulation as to "loss" and restitution had not been

accomplished in the course of the comparable negotiations relating to the Plea Agreement in this case.

    5.   That Plea Agreement - in ¶¶ A.2 and B.3 - contemplated that, at sentencing, the matters of "loss" and restitution would be disputed sentencing factors, for the Court to resolve under §6A1.3 of the U.S.S.G and Rule 32(i), Fed. R. Crim. P.

    6.   In that case, numerous underlying issues of fact would have been for the Court to resolve after it conducted a protracted and complex evidentiary hearing.

    7.   One effect in the Plea Agreement of that anticipated litigation regarding "loss" and restitution is that the parties agreed to a 2 level - and not a 3 level - downward adjustment under §3E1.1, to reflect Elizabeth McMahan's "acceptance of responsibility".

    8.   One effect though of this Joint Stipulation is that the Court and the government are thereby spared the time and trouble that attends the loss/restitution determination, and they may thereby otherwise "allocate their resources efficiently".

    9.   Accordingly, the immediate relief of a one level downward variance is in order, thereby reflecting Elizabeth McMahan's having - on December 20, 2019 - notified the

government that she agrees to the terms of the Joint Stipulation.

 10. Along these lines, and as Elizabeth McMahan notes specifically in ¶ 7 of her Position with Respect to Sentencing Factors, referring to the "Offense Conduct" paragraphs in the Pre-Sentence Report, i.e., ¶¶ 10-22:

> "[She] disagrees with several of the averments of fact which are set forth in these paragraphs. But based on the specific terms of the Joint Stipulation regarding "loss" and restitution, the Court need not hear, address or resolve these points of disagreement."

 11. The legal grounds which ultimately informed Elizabeth McMahan's counseled election to join in the Stipulation regarding "loss" and restitution are set forth, not just in Rule 32(i) and §6A1.3. They also appear in Application Note 3(c) in the Commentary following §2B1.1.

 12. Those legal grounds include the principles that "loss" - as a mere sentencing factor - need only be proven by a fair preponderance of the evidence, and the Court's determination of "loss" may - in the end - be a "reasonable estimate".

**B.**

 13. If the Court rules in favor of Elizabeth McMahan with respect to her objection regarding §3C1.1, and if her

having timely entered into the Joint Stipulation regarding "loss"/restitution warrants a one-level downward variance, then an advisory point of reference for the Court--as it conducts its analysis under 18 U.S.C. §3553(a)--is a range of '27-33' months.

14.  An extraordinary combination of circumstances--all involving Elizabeth McMahan's own "personal history and characteristics"--will converge in court on January 2, 2020. That combination distinguishes hers from a "mine-run" case.

15.  Those circumstances are confirmed first in the "Personal and Family Data" section of the Presentence Report.

16.  They are also, with pointed and dramatic clarity, revealed in detail in the Letters in Support of Defendant which undersigned counsel filed on December 27, 2019.

17.  That combination justifies a downward variance to a sentence of probation with numerous special conditions.

18.  Foremost of those conditions are home detention with work release, restitution, and community service.

WHEREFORE, the defendant, Elizabeth McMahan respectfully requests that the court vary downward from the advisory guideline range.

> Respectfully submitted,
>
> s/ Thomas Livingston
> Thomas Livingston
> Assistant Federal Public Defender
> Attorney ID No. 36949