**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.                                    ) | 1:15cr36 |
| ) | **Electronic Filing** |
| **ELIZABETH MCMAHAN** ) | |

## TENTATIVE FINDINGS AND RULINGS

AND NOW, this 30th day of December, 2019, upon due consideration of Elizabeth McMahan's ("defendant") objections to the Presentence Investigation Report and the addendum thereto, the court makes the following tentative findings and rulings:

1. In accordance with the parties' joint stipulation, a 14 level increase is warranted pursuant to U.S.S.G. § 2B1.1(b)(1)(H) because the loss attributable to defendant is at least $550,000.00 but fewer than $1,500,000.00;

2. A 2 level increase is warranted pursuant to U.S.S.G. § 3C1.1 because the false testimony given at the Unemployment Compensation Hearing was given under oath at a state proceeding, pertained to the underlying offense conduct and was calculated to avoid detection of that conduct by any investigative authority; and

3. Based on the above, defendant has an adjusted base offense level of 21 and her criminal history category is I, which results in a guidelines sentencing range of 37 to 46 months.

Defendant's objection that the testimony denying any attempt to obtain the tickets was immaterial to government's proof of guilt misses the mark. While the testimony does not undercut the force of the government's proof as to the count to which defendant pled guilty, establishing such a nexus is not required. Under the applicable version of § 3C1.1 and its commentary, the enhancement reaches testimony given under oath in a state proceeding that is purposefully calculated to thwart detection of the criminal conduct underlying the offense of conviction. See Application Note 1 to U.S.S.G. § 3C1.1 ("Obstructive conduct that occurred prior to the start of the investigation of the instant offense of conviction may be covered by this

guideline if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction."). Indeed, providing false information to a governmental authority where that information is calculated to avoid any inquiry that would likely result in the discovery of the underlying criminal conduct and the initiation of an investigation into that conduct is sufficient to support the enhancement. See United States v. Weikal-Beachat, 640 F. App'x 219, 222-23 (3d Cir. 2016) (upholding a § 3C1.1 enhancement where the defendant's false information to the Pennsylvania Office of Disciplinary Counsel "was likely to obstruct the flow of information to federal authorities as they investigated her crimes."); United States v. McFadden, 2018 WL 8950924 (E.D. Pa., October 26, 2016) (conduct that is calculated to thwart an investigation into the conduct underlying the offense of conviction provides an appropriate nexus for application of the enhancement).

Defendant was directly questioned under oath at the Pennsylvania Unemployment Compensation Hearing about the offense conduct involving the arrangement of an unauthorized discount in exchange for Katy Perry tickets and flatly denied any such *quid pro quo*. This falsehood was under oath and calculated to avoid further inquiry into her course of criminal conduct in general and the offense conduct underlying Count Twenty-five. As a result, there is more than a sufficient nexus for application of the enhancement notwithstanding that the testimony was given prior to the initiation of the federal investigation and did not undermine the government's proof as to Count Twenty-five.

Defendant has a criminal history score of 0 which results in a criminal history category of I. See U.S.S.G. §§ 4A1.1; 5A. Based on the above, defendant has an adjusted base offense level

of 21 and her criminal history category is I, which results in a guidelines sentencing range of 37 to 46 months.

s/David Stewart Cercone<br>
David Stewart Cercone<br>
Senior United States District Judge

cc: Christian A. Trabold, AUSA
      Douglas Sughrue, Esquire

      United States Marshal Service

      (*Via CM/ECF Electronic Mail*)