```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     )
                             )
          V.                 )    Criminal No. 15-36
                             )
ELIZABETH MCMAHAN            )
```

**DEFENDANT'S OBJECTIONS TO TENTATIVE FINDINGS AND RULINGS**

AND NOW, comes the defendant, Elizabeth McMahan, by her attorney, and with respect to the above captioned matter, she represents the following:

1. Elizabeth McMahan hereby objects to the portion of the Tentative Findings and Rulings in which the Court overrules her objection to the application of §3C1.1.

2. As an introductory matter, the following Chronology is important to the Court's resolution of this matter:

    -- It was in August of 2014 that Elizabeth McMahan last worked for National Tool Grinding;

    -- It was on September 22, 2014 that she testified in the Unemployment Compensation hearing;

    -- It was on October 2, 2014 that criminal charges were filed against her in the Courts of Pennsylvania; and

    -- It was on November 10, 2015 that a federal grand jury returned the Indictment, including Count 25.

3. In its Tentative Findings and Rulings, the Court correctly cites the paragraph in Application Note 1 in the Commentary following §3C1.1, in which the Sentencing

Commission identifies one portion of the governing legal standard in this case; to-wit,

> "Obstructive conduct that occurred prior to the start of the investigation of the instant offense of conviction may be covered by this guideline if the conduct was purposefully calculated, and likely, to thwart the investigation and prosecution of the offense of conviction."

4. But in its Tentative Findings and Rulings, the Court fails to recognize that materiality is an essential element of "perjury", as that term appears in Application Note 4(B)) in the Commentary following §3C1.1.

5. In analyzing the underlying facts of this case, the Court fails to review the issue of whether Elizabeth McMahan's false testimony during the September 22, 2014 Unemployment Compensation hearing was LIKELY to thwart the investigation or prosecution of Count 25.

6. In analyzing the underlying facts of this case, the Court also fails to review the issue of whether that false testimony was material, i.e., whether it was capable - had it been presented to the grand jury - of influencing their decision to indict on Count 25.

7. Elizabeth McMahan's false testimony in the Unemployment Compensation hearing was not likely to thwart the investigation or prosecution of Count 25.

   8.  Neither was it capable of influencing the grand jury's decision to indict on Count 25.

   9.  Her false testimony on September 22, 2014 has absolutely no bearing in this case, and it is entirely surplusage.

   10.  As to Count 25, Elizabeth McMahan's email dated April 15, 2014, and the two corresponding Invoices, each dated 3/31/14 combine - beyond a shadow of a doubt - to prove irrefutably that her false testimony in the September 22, 2014 Unemployment Compensation hearing did not thwart, and was not likely to thwart the investigation or prosecution of Count 25.

   11.  Furthermore, that email and those invoices prove positively that her testimony was utterly incapable of influencing the grand jury's decision to indict on Count 25.

   12.  As such, that testimony is not material; it is not perjury; and it is not an instance of "obstructive conduct", as defined in Section 3C1.1.

   WHEREFORE, the defendant Elizabeth McMahan respectfully requests that the Court sustain her objection to the application of §3C1.1.


                              Respectfully submitted,

                              s/ Thomas Livingston
                              Thomas Livingston
                              Assistant Federal Public Defender
                              Attorney ID No. 36949